

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00378-CR

RICARDO CANTU RESENDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 68807-D, Honorable Don R. Emerson, Presiding

December 4, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appearing *pro se,* appellant Ricardo Cantu Resendez attempts to appeal his conviction and sentence of six years' confinement in prison for fraudulent use or possession of identifying information.[1]  Sentence was imposed on July 28, 2014, and appellant filed a notice of appeal on October 17, 2014.  Appellant did not file a motion for new trial.

---

[1] TEX. PENAL CODE ANN. § 32.51(c)(2) (West Supp. 2014).

By letter, we notified appellant his notice of appeal appeared untimely thus depriving us of appellate jurisdiction. We afforded him an opportunity to file documents or matters he considered necessary for determination of our jurisdiction. Appellant made no response.

Our appellate jurisdiction is triggered through a timely notice of appeal. *Olivo v. State,* 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Appellate rule 26.2(a) requires a notice of appeal in a criminal case be filed within 30 days after the day sentence is imposed in open court or within 90 days after imposition of the sentence if a timely motion for new trial is filed. TEX. R. APP. P. 26.2(a)(1), (2).

Because appellant did not file a motion for new trial, his notice of appeal was due within thirty days after the date sentence was imposed in open court. Appellant's notice of appeal was filed more than eighty days after imposition of sentence and was therefore untimely. Our appellate jurisdiction has not been invoked.

Consequently, we dismiss the appeal for want of jurisdiction.[2]

James T. Campbell
Justice

Do not publish.

---

[2] We do not reach the second issue called to appellant's attention by our letter. The trial court's certification of appellant's right to appeal states this "is a plea-bargain case and the defendant has no right of appeal." TEX. R. APP. P. 25.2(a)(2),(d).

2